### In the Matter of CONTINENTAL AIRLINES, INC., et al., Debtors.

**Bankruptcy Nos. 90–932 to 90–984.**

United States Bankruptcy Court, D. Delaware.

Oct. 7, 1993.*

vertently omitted Oct. 7, 1993.

Christian C. Onsager, Faegre & Benson, Denver, CO, Laura Davis Jones, Robert S. Brady, Young, Conaway, Stargatt & Taylor, Wilmington, DE, for debtors.

David J. Epstein, Robert P. Krenkowitz, Boston, MA, for the States of Alabama, Arkansas, Colorado, Delaware, Florida, Iowa, Idaho, Kansas, Louisiana, Mississippi, Montana, North Carolina, North Dakota, Nevada, and Oregon.

Marla Becker, Latham & Watkins, New York City, for Post–Confirmation Committee.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

This is the Court's decision on the Objection of Continental Airlines, Inc., *et al.* (Continental or Debtors) to Escheat Claims, made pursuant to Continental's Seventeenth Omnibus Objection to Claims.

### I. *Background:*

The States of Alabama, Arkansas, Colorado, Delaware, Florida, Iowa, Idaho, Kansas, Louisiana, Mississippi, Montana, North Carolina, North Dakota, Nevada, and Oregon (the States) have filed proofs of claim against the estate of Continental based on the States' unclaimed property or escheat laws (escheat claims).

On or before September 27, 1991, the bar date established by this Court for the filing of proofs of claim in the Continental case, the States filed proofs of claim as general unsecured creditors of the Debtors. The subject matter of the States' claims are pre-petition and pre-confirmation obligations of the Debtors to equity and debt security holders, employees, vendors, consumers, and individuals or entities with which the Debtors had done business prior to the commencement of this bankruptcy case. These obligations would be represented by checks issued by the

Debtors and subsequently returned as undeliverable or which otherwise remained uncashed; or by unexchanged shares held by the Debtors or their agents; or by entries upon the stock, debt, or other financial records of the Debtors and/or their agents.

## II. *Procedural History:*

On May 28, 1993 Continental filed its Seventeenth Omnibus Objection to these claims, among others, and requested that such claims be disallowed on the basis that said claims have no corresponding amount due on the Debtors' books and records. On June 22, 1993 the States filed their Opposition to Disallowance of Claims, setting forth the States' position that their claims derive from those of the missing owners of the unclaimed property of the Debtor, so that the books and records of the Debtors would show not the names of the States themselves, but the names of those missing owners. On August 27, 1993 Debtors served their Memorandum in support of their Objections to the States' claims, asserting that the States' unclaimed property law on which the escheat claims are premised is preempted by the Bankruptcy Code. On September 7, 1993 the States filed their brief in Opposition to Debtors' Objection to Pre-petition Claims of the States. The Court heard oral argument on Continental's Objection on September 14, 1993 and subsequently took the matter under advisement.

## III. *Contentions of the Parties:*

Continental maintains that the States' escheat claims should be disallowed because the state escheat or unclaimed property laws upon which the claims are based are preempted by the Bankruptcy Code pursuant to the Supremacy Clause, Art. VI of the Constitution. Specifically, Continental contends that (a) the States' claims are filed on behalf of persons other than the States in contravention of 11 U.S.C. §§ 501 and 502; (b) the States' claims contravene the filing requirements for proofs of claim under 11 U.S.C. § 1111(a) and F.R.Bankr.P. 3003; (c) the States' claims are inconsistent with Continental's confirmed Revised Second Amended Joint Plan of Reorganization (Plan); and

(d) allowance of the States' escheat claims would result in a distribution scheme in contravention of 11 U.S.C. § 1123(a). Additionally, during oral argument on Continental's objection, Continental argued that the States' escheat claims were also preempted by section 347 of the Code.

For its part, the States assert that, with regard to property unclaimed pre-petition, the State escheat statutes are not preempted by the Bankruptcy Code. The States maintain that they are entitled to recover unclaimed property which was deemed abandoned pursuant to the States' escheat laws either prior to Continental's petition for bankruptcy or subsequent to that petition but before confirmation of Continental's Plan. Moreover, because Continental failed to report and deliver this abandoned property to the States as mandated by law, the States, as creditors in their own right, possess claims against Continental. The States, thus, argue that they are not attempting to file claims on behalf of missing creditors, but rather have filed their claims as creditors pursuant to sections 501 and 502 of the Bankruptcy Code.

Furthermore, the States contend that their proofs of claim do not contravene section 1111(a) of the Bankruptcy Code and F.R.Bankr.P. 3003. Because the claims of the missing creditors were listed as undisputed on Continental's schedules, those creditors' claims were deemed filed under section 501. The States' escheat claims were not scheduled, however, and thus, the States were required to and did comply with section 1111 and Rule 3003 by filing proofs of claim in their own names on or before the bar date.

Additionally, the States assert that any distribution to the States and subsequent distribution by the States to the missing creditors post-bankruptcy, does not conflict with the provisions of Continental's confirmed Plan and section 1123(a)(4) of the Code. This is because, having succeeded to the creditors' rights to possession of the unclaimed property by operation of state law and having filed proofs of claim in their own names, the States are creditors and are treated equally with similarly situated creditors. Any subsequent distribution by the

States or other creditors is outside the parameters of Continental's Plan and the provisions of the Bankruptcy Code.

Alternatively, the States maintain that, even if the States' claims are not viewed as independent claims, those claims should be allowed on the ground that the States act as conservators for persons who have not claimed their property for a specified period of time. According to the States, a conservator, like an executor of an estate or the guardian of a minor child, may recover from the bankruptcy estate a claim owed to the person on whose behalf the conservator acts.

## IV. Discussion:

### A. Preemption Doctrine.

The preemption doctrine has its origins in the Supremacy Clause of the U.S. Constitution, Article VI, section 2, which provides as follows: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof, and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land." The United States Supreme Court has identified six situations in which the preemption doctrine applies:

1. when Congress, in enacting a federal statute, expresses a clear intent to preempt state law;

2. when there is outright or actual conflict between federal and state law;

3. where compliance with both federal and state law is in effect physically impossible;

4. where there is implicit in federal law a barrier to state regulation;

5. where Congress has legislated comprehensively, thus occupying an entire field of regulation and leaving no room for the states to supplement federal law; and

6. where the state law stands as an obstacle to the accomplishment and execution of the full objectives of Congress.

*Arkansas v. Federated Department Stores, Inc.*, No. C–1–92–195, slip. op. at 5 (S.D.Ohio October 20, 1993) (citing *Louisiana Public Service Commission v. F.C.C.*, 476 U.S. 355,

368–69, 106 S.Ct. 1890, 1898–99, 90 L.Ed.2d 369 (1986).

In considering whether the States' escheat laws are preempted by the Bankruptcy Code, this Court notes the following:

Congress has generally left the determination of property rights and the assets of a bankrupt's estate to state law. Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.

*Butner v. United States*, 440 U.S. 48, 50, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979).

Thus, since Congress has not expressed a clear intent to preempt state property law nor legislated comprehensively in the field, the issue becomes whether the States' escheat laws conflict with or stand as an obstacle to the implementation of specific provisions of the Bankruptcy Code and therefore, by implication, are preempted by the Bankruptcy Code.

### B. Property Deemed Abandoned Pre–Petition.

First, Continental asserts that the States' proofs of claim filed . . . as conservator or custodian on behalf of the classes of persons . . . who have failed to claim the property owing to them for the statutory period of abandonment" contravene sections 501 and 502 of the Code.

Section 501 of the Bankruptcy Code limits those who may file a proof of claim; its relevant provisions are as follows:

(a) A creditor or an indenture trustee may file a proof of claim. . . .

(b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim.

(c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

. . . .

11 U.S.C. § 501.

The Bankruptcy Code defines "creditor" as an "entity that has a claim against the debtor *at the time of or before the order for relief concerning the debtor.*" 11 U.S.C. § 101(10)(A) (emphasis added). Claim is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). Section 502 of the Code provides in relevant part that if "objection to a claim is made, the court . . . shall determine the amount of such claim . . . *as of the date of the filing of the petition . . .*" 11 U.S.C. § 502(b) (emphasis added).

Under the States' respective unclaimed property laws, unclaimed property is deemed abandoned after a specified dormancy period. At the time the property is deemed abandoned, the States become entitled to custody of the property. Thus, with respect to the property deemed abandoned pre-petition, the States were entitled to possession of the property pre-petition. *In re Drexel Burnham Lambert Group Inc.,* 151 B.R. 684, 688 (Bankr.S.D.N.Y.1993). Where the Debtors did not report and deliver possession of the unclaimed property pre-petition, the States acquired claims against the Debtors that arose pre-petition in the amount of the missing persons' property held by Continental and deemed abandoned under the respective States' escheat laws. *Id.* at 688–89. Thus, with respect to the property deemed abandoned pre-petition, the States were creditors within the meaning of the Bankruptcy Code. They correctly filed proofs of claim as creditors in their own right in compliance with sections 501 and 502 of the Code.

█ Continental's second assertion is that the allowance of the States' escheat claims would contravene the filing requirements for proofs of claim under section 1111(a) and Rule 3003. According to Continental, since the missing creditors could later claim their property under their respective state's laws, allowance of their claims would permit missing creditors whose claims were not sched-

uled and who did not file proofs of claim to circumvent the bar date.

Section 1111(a) and Rule 3003, *inter alia,* require a creditor to file a proof of claim on or before the bar date unless his claim is listed on the debtor's schedules as undisputed. 11 U.S.C. § 1111(a); F.R.Bankr.P. 3003. These requirements of the Bankruptcy Code were met by the States when they timely filed their proofs of claim. "It is the states who have the claims and are therefore, entitled to file proofs of claims, by virtue of their abandoned property laws." *Federated Department Stores,* No. C–1–92–195, slip op. at 9. Contrary to Continental's assertion, the fact that the missing creditors may later seek property from the States does not implicate section 1111 and Rule 3003(c). *Id.*

█ Continental next asserts that the States' escheat claims must be disallowed because they are inconsistent with Continental's confirmed Plan, i.e., section 10.5 of the Plan provides that after two years from the earlier of any Distribution Date or the Final Distribution Date, "unclaimed distributions" will be redistributed for the benefit of all other Allowed General Unsecured Claims. Any distributions remaining unclaimed for two years after the Final Distribution Date revert to Continental. Because none of the States objected to confirmation of the Plan on the basis of these unclaimed distribution provisions, Continental maintains they are barred now from claiming that such distributions should be made to them. In light of this Court's finding that, with regard to property deemed abandoned pre-petition, the States are creditors in their own right who have properly filed proofs of claim, the property at issue does not fall within the Plan's "unclaimed distributions."

█ In the same vein, Continental contends that allowance of the States' escheat claims would contravene the distribution scheme of section 1123(a)(4) of the Code. It is the position of the Debtors that since each State has its own method of distributing funds, Debtors' similarly situated creditors would receive different treatment. The Court also finds this argument without merit with respect to the States' claims for property deemed abandoned prepetition. As credi-

tors in their own right, the States are the subject of the distributions under the Plan and receive those distributions in accordance with section 1123(a)(4). *Federated Department Stores* at 16. Any subsequent distributions by the States to now missing creditors does not implicate the provisions of the Code. *Id.*

■ For the same reason, i.e., that the States properly filed proofs of claims as creditors in their own name, section 347(b) does not apply to the States' escheat claims for property deemed abandoned pre-petition.

### C. Property Deemed Abandoned Post–Petition.

■ The States assert without legal argument that they are also entitled to recover property unclaimed pre-petition but deemed abandoned post-petition upon expiration of the States' respective dormancy periods but prior to confirmation of Continental's Plan. The Court finds this position without merit, however. With respect to the property deemed abandoned post-petition but prior to Continental's bankruptcy discharge, the States are not creditors as defined in the Code, i.e. entities that have claims against the debtor *"that arose at the time of or before the order for relief concerning the debtor."* *Federated Department Stores* at 18 (emphasis in original); *see also, Drexel Burnham Lambert,* 151 B.R. at 689. This is because the Debtors do not have a legal obligation to turn the property over under the States' unclaimed property statutes until the dormancy period expires. *Federated Department Stores* at 18. It is therefore, the opinion of the Court that, to the extent the States' proofs of claim relate to property to which the States assert a right that arose post-petition, the States' statutes on which those claims are based are in conflict with and consequently, preempted by the Bankruptcy Code. *Id.*

Based on the foregoing analysis, it is unnecessary for the Court to reach the States' alternative argument that, even if their claims are not viewed as independent claims, those claims should be allowed on the ground that the States act as conservators for persons who have not claimed their property for a specified period of time.

### V. Conclusion:

For the foregoing reasons, Continental's objection to the States' escheat claims is OVERRULED IN PART AND SUSTAINED IN PART. The States' escheat claims are not preempted by the Supremacy Clause in so far as they are claims for property which under the respective state laws was deemed abandoned pre-petition. The States' escheat claims are preempted by the Supremacy Clause in so far as they are claims for property which under the respective state laws was deemed abandoned post-petition.

An Order in accordance with this Memorandum Opinion is attached.

### ORDER

AND NOW, October 7, 1993, for the reasons stated in the attached Memorandum Opinion,

IT IS ORDERED THAT:

1. The objection of Continental Airlines, Inc., *et al.* to the States' escheat claims is SUSTAINED in-so-far as it relates to property deemed abandoned post-petition.

2. The objection of Continental Airlines, Inc., *et al.* to the States' escheat claims is OVERRULED in so far as it relates to property deemed abandoned pre-petition.

### ORDER

AND NOW, November 16, 1993, the Treasury Department of the State of Texas having been inadvertently omitted in the Memorandum Opinion and Order dated October 7, 1993,

IT IS ORDERED THAT:

1. The objection of Continental Airlines, Inc., *et al.* to the Treasury Department of the State of Texas' escheat claims is SUSTAINED in-so-far as it relates to property deemed abandoned post-petition.

2. The objection of Continental Airlines, Inc. *et al.* to the Treasury Department of the State of Texas' escheat claims is OVERRULED in-so-far as it relates to property deemed abandoned pre-petition.